Eli PREWITT, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 24522.

United States Court of Appeals
Fifth Circuit.

Feb. 8, 1968.

Rehearing Denied March 20, 1968.

**994**

James L. Shores, Jr., Paul Johnston, Birmingham, Ala., for appellant.

Macon L. Weaver, U. S. Atty., John R. Thomas, Jr., Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ This is a companion case to Daniel v. Gardner, 5 Cir., 1968, 390 F.2d 32, decided this day. Here, however, the Secretary's decision was bottomed upon an incorrect legal principle that to be "medically determinable" the impairment must be established by *objective* medical, clinical or laboratory evidence. In rejecting this test we have said:

> But the statute does not require that disability or its cause be "substantiated objectively." Of course, it must be "by reason of any medically determinable physical or mental impairment." But modern medicine is neither so scientific nor so helpless today that it either does, or must, evaluate only objective factors.

Hayes v. Celebrezze, 5 Cir., 1963, 311 F. 2d 648; accord, Ross v. Gardner, 6 Cir. 1966, 365 F.2d 554; Bramlett v. Ribicoff, 4 Cir., 1962, 298 F.2d 858.

■ As we pointed out in *Daniel*, the disability provisions of the Social Security Act have been amended by Section 158 (b) of the Social Security Amendments of 1967, 81 Stat. 821. Disability under the Act must therefore now be determined in accordance with provisions of that statute and not in accordance with the test of disability that we enunciated in Gardner v. Smith, 5 Cir., 1966, 368 F.2d 77; Bridges v. Gardner, 5 Cir., 1966, 368 F.2d 86 and their progeny.

■ It will therefore be necessary for the Secretary to reconsider the medical evidence in the light of the proper legal standard and to reconsider the vocational evidence in light of the Social Security Amendments of 1967.

The judgment of the district court is vacated and the case is remanded for further proceedings in accordance with this opinion.