Howell G. LEWIS, Plaintiff-Appellant,

v.

Caspar W. WEINBERGER, as Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 75–1451
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 7, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

W. Dexter Douglass, Tallahassee, Fla., for plaintiff-appellant.

Clinton Ashmore, William Stafford, Asst. U. S. Attys., Pensacola, Fla., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Howell G. Lewis filed suit in district court under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) to obtain review of the Secretary's decision denying him disability benefits for any period after March 1973. Lewis's only contention was that the administrative determination lacked substantial support in the evidence. Both parties moved for summary judgment based upon the record developed before the Administrative Law Judge and the Appeals Council. The district judge granted the Secretary's motion because he found "sufficient substantial evidence" supporting the decision to deny benefits. We are unable to agree with this finding and therefore vacate and remand.

On September 9, 1971 appellant sustained a right frontal depressed skull fracture when accidentally struck on the head by a metal pipe protruding from a moving vehicle. At the time of his injury Lewis was employed at Florida State University (FSU) as superintendent of maintenance and repair, which required him to assign and inspect the work of approximately seventy-five employees. Appellant was hospitalized for nearly

two weeks after the accident, and during that time his doctor performed a right frontotemporal craniectomy. Following that surgery and appropriate treatment and medication, he was deemed ready for discharge from the hospital. Nevertheless, his post-hospitalization recovery did not go well, and he has never returned to work. Since his injury he has reported seizures, severe headaches, dizziness, slurred speech and an inability to concentrate. During 1972 he was rehospitalized twice because of conditions related to his injury, and during that year the various doctors who examined him agreed that despite their inability to point to a specific physical cause for his malaise appellant's capacity for work had been considerably reduced by a "definite post injury syndrome pattern." By early 1973, however, Lewis's main complaint seemed to be recurrent headaches, and his doctors began recommending that he attempt to do some light work or other physical activity. In May 1973 a consulting psychiatrist diagnosed appellant's condition as post-traumatic neurosis manifested by depression, headaches, weakness, easy fatigueability, impotence, poor sleep, and increased dependency on his wife. The psychiatrist also recommended that Lewis engage in more physical activity and gradually return to light work. A medical examination in June 1973 summed up appellant's ailments as: "1. Status post brain injury with some residual. 2. Hypertension probably essential. 3. Gout exacerbated by Hygroten. 4. Asthma." By August 1973 two doctors expressed the opinion in a report to the Florida Retirement System that appellant was totally and permanently incapacitated for further employment.[1] The Secretary's final decision allowed Lewis disability benefits only for the period beginning on September 9, 1971 and continuing through March 1973 because the Administrative Law Judge found that "by January 1973 the claimant was fit to perform some light work duty of a type consistent with

his age, educational level, and background . . . In effect, the claimant's 'disability' is found to have ended with the month of January 1973."

"Disability" is defined in the Act as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

§ 223(d)(1)(A), 42 U.S.C. § 423(d)(1)(A). The Act further provides that:

> an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 223(d)(2)(A), 42 U.S.C. § 423(d)(2)(A). Finally, the burden rests on the claimant to produce sufficient evidence, medical and otherwise, to establish his disability. § 223(d)(5), 42 U.S.C. § 423(d)(5). As a matter of course the Secretary's disposition of disability claims is final. The Act does provide for a limited measure of judicial review, § 205(g), 42 U.S.C. § 405(g), but the role of the courts in this quintessentially administrative process is extremely narrow:

> We do not re-weigh the evidence; we simply determine whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 1970, 402 U.S. 389, 401, 91

---

1. The Administrative Law Judge did not have the benefit of these last two items of evidence, but the doctors' views were considered by the Appeals Council.

S.Ct. 1420, 1427, 28 L.Ed.2d 842. . . [D]eterminations which are not supported by substantial evidence are unusual, even rare.

Gaultney v. Weinberger, 5 Cir. 1974, 505 F.2d 943, 945. Nonetheless, this does not mean that "we have abdicated our traditional judicial function of scrutinizing the record as a whole to determine the reasonableness of the decision reached." Williams v. Finch, 5 Cir. 1971, 440 F.2d 613, 615.

▬ The evidence presented to the Secretary was overwhelming and undisputed that appellant's impairments prevented his return to his former job.[2] The Administrative Law Judge plainly recognized the force of the evidence and thus found only that Lewis was "fit to perform some light work duty of a type consistent with his age, educational level, and background." Appellant's inability to perform his usual job injects a significant new element into the proceedings, however, for once a claimant succeeds in establishing that fact the burden shifts to the Secretary to show that there is some other kind of "substantial gainful work" that the claimant is able to perform. DePaepe v. Richardson, 5 Cir. 1972, 464 F.2d 92, 100–01; Jackson v. Richardson, 5 Cir. 1971, 449 F.2d 1326, 1330; Stark v. Weinberger, 7 Cir. 1974, 497 F.2d 1092, 1097–98 & n. 12; Willing-

ham v. Secretary of Health, Education and Welfare, S.D.Fla.1974, 377 F.Supp. 1254, 1257–58. After carefully reviewing the record, we conclude that "[t]he evidence as to whether . . . [the claimant's] impairments are so disabling as to deprive him of his capacity to engage in even physically light or secondary employment is equivocal and contradictory and does not rise to the level of substantial evidence." Jackson v. Richardson, supra, 449 F.2d at 1330. See also DePaepe v. Richardson, supra, 464 F.2d at 101; Stark v. Weinberger, supra, 497 F.2d at 1098; Daniel v. Gardner, 5 Cir. 1968, 390 F.2d 32. The problem is that the record nowhere contains any direct evidence that appellant is capable of performing any existing job in the national economy. The Administrative Law Judge relied upon several doctors' recommendations that Lewis begin light work activity. Unfortunately, these recommendations are of dubious value as expressions of opinion on appellant's physical capacity for continuing full time or part time work[3] and are totally useless as evidence of the existence of employment positions in the economy that appellant could fill. In these circumstances, especially without vocational testimony, see Daniel v. Gardner, supra, 390 F.2d at 34, we cannot approve the Secretary's disposition of Lewis's claims.

2. None of the doctors who examined Lewis suggested that he could safely resume his usual tasks at FSU. On December 15, 1972 Dr. Jones wrote to the Employee Relations Advisor at the school that "Mr. Lewis continues disqualified to return to work and it is anticipated that this will be true for some time to come." In a letter to the Safety Coordinator at FSU dated January 5, 1973 Dr. Paroro opined that Lewis was "not fit at this time to work around machinery or climb. I would advise a six months' leave of absence and then a re-evaluation to see how he feels after this time." In early August 1973 Drs. Waldman and Geissinger informed the Florida Retirement System that appellant was "totally incapacitated for rendering useful and efficient service as an officer or employee. This person is likely to be incapacitated permanently. . . . ."

Of course, the Secretary is not bound by medical testimony expressing conclusions as to disability. 20 C.F.R. § 404.1526. Nor are another agency's conclusions determinative of the issue of disability under the Social Security Act. Williams v. Finch, supra, at 616. Nevertheless, since there is no evidence whatsoever that appellant could resume his job at FSU we obviously would be unable to find substantial evidence to support such a finding.

3. Viewed in context these recommendations appear to be suggestions that Lewis try to work, as one doctor put it, "so that he can gradually regain his self-confidence," rather than formal medical opinions affirming appellant's physical ability to hold down gainful employment. Moreover, contrary to the Secretary's vague suggestion in brief, Lewis's meager gardening activities, mostly as a spectator, and his occasional fishing trips do not, together with the doctors' recommendation, amount to substantial evidence of appellant's capacity for substantial gainful work.

Accordingly, the judgment of the district court is vacated and the case remanded with directions to enter an order requiring an additional administrative hearing to determine whether appellant's impairments render him incapable of performing substantial gainful employment for any period after January 1973. Jackson v. Richardson, *supra,* 449 F.2d at 1330.

Vacated and remanded.