Louis FOSTER, Jr., Plaintiff-Appellant,

v.

F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 75–3820

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 5, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas N. Crawford, Jr., Birmingham, Ala., for plaintiff-appellant.

Wayman G. Sherrer, U. S. Atty., Charles A. Perry, Birmingham, Ala., for defendant-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal from a judgment entered by the United States District Court for the Northern District of Alabama affirming a final decision of the Secretary of Health, Education and Welfare that Louis Foster, Jr., the appellant here, is not entitled to disability insurance benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423. The Administrative Law Judge who heard Foster's case found that despite the claimant's emphysema and pneumoconiosis, he retained sufficient pulmonary function to perform at least sedentary or light work activity, and that there were "entry-level jobs existing in significant numbers in the economy which are sedentary ·or light in physical demands which the claimant can perform considering his age, education and work experience." Accordingly, the Administrative Law Judge concluded that Foster was not entitled to disability insurance benefits under the relevant provisions of the Social Security Act.

■ After reviewing the record in this case, we conclude that the Secretary's findings are supported by substantial evidence, and hence cannot be disturbed on review. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1970); *Lewis v. Weinberger,* 5 Cir., 1975, 515 F.2d 584, 586–87. Foster is a former coal miner who has developed pneumoconiosis (black lung disease), and is unable to continue working in his former occupation. He is currently receiving "black lung" benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 *et seq.* (hereinafter referred to as the "Black Lung Act"). Despite his conceded pneumoconiosis and emphysema difficulties, Foster continues to be able to drive a standard transmission car without power steering, to maintain a garden of some 40 square feet, cut grass, and help with work about the house. The results of several of the pulmonary function tests performed on Foster are unreliable because of his lack of cooperation, but in the only test in which his cooperation was characterized as "good," the results indicated a 25 to 30 per cent respiratory impairment. Resting blood gas studies, which are designed to measure the human body's ability to transfer oxygen into the bloodstream, indicated that Foster's lungs were "normal" and "efficient." Although the vocational expert

who testified at the hearing indicated that few of the skills Foster developed as a coal miner were transferable to other kinds of work, he also indicated that there were numerous jobs not only in the national economy as a whole but more particularly in the claimant's immediate area of residence that could be performed by someone having the same age, vocational background, and physical capacity as the claimant.

■ Notwithstanding the sufficiency of this evidence to support the Administrative Law Judge's findings, Foster maintains that affirming the Secretary's findings in this case would have the paradoxical result of finding him totally disabled under one program administered by the Secretary, but able to perform substantial gainful work under another. A careful consideration of the differences in the relevant statutory standards under the Social Security and Black Lung Acts dispels the paradox and explains the result.

Section 223(d)(1)(A) of the Social Security Act defines disability as the

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. § 423(d)(1)(A). Further, section 223(d)(2)(A) indicates that

an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). In contrast to the Social Security Act's requirement that the claimant be unable to engage in *"any* other kind of substantial gainful work which exists in the national economy" (emphasis added), the standard for a finding of total disability under the Black Lung Act, as articulated in the regulations promulgated under that Act, defines total disability as a disability which ·

prevents him [the claimant] from engaging in gainful work in the immediate area of his residence requiring the skills and abilities comparable to those of any work in a mine or mines in which he previously engaged with some regularity and over a substantial period of time . . . .

20 C.F.R. § 410.412. As stated by the court in *Pisarcik v. Weinberger,* W.D.Pa., 1973, 363 F.Supp. 514, 519–520,

the requirements for "black lung" benefits and those for social security disability benefits differ, and a finding of one is not determinative on the other. *Davis v. Richardson,* 345 F.Supp. 1273 (W.D.Va.1972). . . . Thus, a miner who meets the medical tests for irrebuttable presumption of total disability would be entitled to "black lung" benefits even though he would not meet the vocational test disability for benefits by reason of pneumoconiosis or the Section 223(d) (42 U.S.C. Section 423(d)) test by reason of pneumoconiosis for entitlement of disability insurance benefits under Title II of the Social Security Act.

The cases which have confronted the issue raised where a claimant is receiving "black lung" benefits but is denied disability benefits under the Social Security Act have consistently held that in light of the differences in applicable statutory standards, there is nothing inconsistent about this result. *Hamblin v. Weinberger,* E.D.Ky., 1974, 386 F.Supp. 1009, 1013; *Toborowski v. Finch,* E.D.Pa., 1973, 363 F.Supp. 717, 719; *Pisarcik v. Weinberger, supra,* at 519–20; *Davis v.*

*Richardson,* W.D.Va., 1972, 345 F.Supp. 1273, 1278. We see no error in the result here.

Affirmed.