## Alphonzo L. BARNETT

v.

## David MATHEWS, Secretary of Health, Education and Welfare.

### No. CA 3–75–1091–C.

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 28, 1978.

Clint A. Barham, Dallas, Tex., for plaintiff.

Kenneth J. Mighell, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Upon consideration of these cross Motions for Summary Judgment filed in this second Social Security disability appeal, it is the opinion of the Court that defendant's Motion for Summary Judgment must be granted. This appeal tests the correctness of the second determination by the administrative law judge that claimant was not disabled on or before June 30, 1974, when he was last insured under the disability provisions of the Social Security Act. Social Security Act, §§ 205(g), 223(d)(2)(A), (5), 42 U.S.C.A. §§ 405(g), 423(d)(2)(A), (5).

The Secretary determined that the claimant had no impairments of sufficient severity to have prevented substantial gainful activity for a continuous period of at least one year, by the time of expiration of coverage. The standard applied in these cases is that ". . . the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." *Richardson v. Perales*, 1971, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842. On September 1, 1976, this Court remanded this case because it found that there was not substantial evidence in the record to establish that claimant could perform a sedentary job, or that he could perform such work without significant pain or danger of aggravating his injuries. Further, this Court held that there was not substantial evidence to show that claimant's psychological adjustment to his physical disabilities was taken into account by the Appeals Council. *Mode v. Celebrezze*, 359 F.2d 135 (4th Cir. 1966).

On this second appeal, however, it seems clear that the Secretary has met the burden of showing that there is some other kind of "substantial gainful work" that the claimant is able to perform." *Lewis v. Weinburger*, 515 F.2d 584 (5th Cir. 1975). The vocational testimony presented in the hearing on remand from this Court (May 16, 1977), as to claimant's capability to engage in substantial gainful employment, sufficiently considered his age, education and work experience. Furthermore, the medical testimony on record establishes that claimant could perform sedentary jobs of a "light janitorial or custodial type" without significant aggravation to his physical and psychological maladies. In addition, Dr. DeLoach, a psychiatrist, testified that plaintiff was suffering from hypochondria, and that this condition did not limit him from

carrying out normal activities. In these circumstances, the findings of the administrative law judge that claimant was not disabled on or before June 30, 1974, must be given some credence. The testimony is relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 1970, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842. See *Daniel v. Gardner*, 390 F.2d 32 (5th Cir. 1968).

Claimant's allegation that he was not allowed to attack the credibility of the vocational expert in the May 16, 1977, hearing lacks merit. From the record, it does not appear that claimant's attorney was prevented from a proper inquiry as to the credibility of the expert.[1]

Finally, claimant alleges that his recent hospitalization warrants still another remand, "In order that his case may be fully developed . . . as it is very probable that such evidence is material and potentially new and of a substantial nature." Nothing asserted by claimant supports this mere allegation, or even the relevance of this event to a finding of legal disability, on or before June 30, 1974. Claimant does not set forth specific facts showing that there is a genuine issue as to any material fact.

This Court holds that there is substantial evidence of record to support the Secretary's decision that claimant Barnett did not meet the disability requirements of the Social Security Act.

Defendant's attorney is requested to prepare appropriate judgment.

---

1. See p. 172 of the transcript of the May 16, 1977, hearing, which is the only citation mentioned by claimant to support this allegation.