John D. WARMIJAK, Sr.

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.

Civ. A. No. 77–1529.

United States District Court, E. D. Pennsylvania.

Jan. 18, 1979.

442

Dianne M. Upson, Chester County Legal Aid, Coatesville, Pa., for plaintiff.

Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This is an action brought under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision by the Secretary of Health, Education and Welfare which denied plaintiff's claim for a period of disability and disability benefits. Both parties have moved for summary judgment. After reviewing the record on appeal and the briefs of counsel for claimant and for the government, I find that the Secretary's decision was not supported by substantial evidence, that both motions must be denied, and that the case must be remanded to the Social Security Administration for further proceedings.

Claimant is now 56 years of age. He has a 10th grade education, and he has worked in the past as a welder, a forklift operator, a mechanic, and a construction laborer. His application for disability insurance benefits stated that he had been unable to work since January 16, 1974, because of nerves, a back problem, and a depressive neurosis. He also claimed that he had suffered from disabling pain in the left shoulder since January of 1975.

Relying on these ailments, claimant first applied for benefits on February 11, 1975. After initial denials, claimant requested a hearing before an Administrative Law Judge. Significantly, Mr. Warmijak waived his right to appear and failed to offer any witnesses on his behalf. Thus, the Administrative Law Judge considered the case solely on the available documentary evidence, and issued a decision denying benefits on November 4, 1976. At no time during the administrative process was claimant represented by counsel.

The only medical evidence before the Administrative Law Judge were hospital records from the Veteran's Administration hospitals in Coatesville, Pennsylvania, and

Wilmington, Delaware. At best, these records are inconclusive. They show that claimant complained repeatedly of pain in the left shoulder and lower back. Evidently, no objective basis for these complaints was ever established. X rays revealed no deformity in the shoulder, although bursitis could not be ruled out. As to the back problem, X rays of the spine showed grade 1 spondylolisthesis at the L 4–5 level with osteoarthritis. A June, 1975, consultation report showed that claimant's shoulder had "frozen" and as a result, he had no useful range of elevation in the left arm. Nevertheless, records of the same period indicated that Mr. Warmijak had been playing baseball and that he was successfully performing his duties in the machine shop.

Claimant also complained of blackouts and dizzy spells, and a hospital record of October 6, 1975, indicates that he did indeed blackout. This problem, however, was not thought to be associated with exertion. Rather, the treating physician was of the opinion that Warmijak's blackout was an emotional reaction to his impending discharge. The hospital records also contain diagnoses of depressive neurosis and alcoholism with its attendant physical deterioration. Finally, the Administrative Law Judge noted that claimant had been an active participant in group and individual therapy sessions, that he was relating well to staff and residents, and that he was faithful to his machine shop assignment as well as his personal hygiene routine.

On the basis of these records, the Administrative Law Judge concluded that Mr. Warmijak's alleged physical and emotional problems, singly or in combination, were not of such severity as to have prevented his working for a continuous period of twelve months. In my view, the present record provides an insufficient basis for such a conclusion.

 It is true that a claimant for Social Security Benefits has the burden of proving his disability. *Blalock v. Richard-*

*son,* 483 F.2d 773 (4th Cir. 1972); *Valentine v. Richardson,* 468 F.2d 588 (10th Cir. 1972). Nevertheless, an Administrative Law Judge is not without responsibility for developing a complete and accurate factual record, particularly where, as here, the claimant is not represented by counsel.[1]

In *Hess v. Secretary of Health, Education and Welfare,* 497 F.2d 837 (3d Cir. 1974), the claimant arrived at his hearing unaccompanied by counsel and unable to produce either physicians or medical reports on his behalf. As in the instant case, the medical evidence consisted solely of hospital records. Acknowledging the claimant's burden, the Court of Appeals stated, nevertheless, that in light of the "beneficent purposes" underlying the Social Security Act, a "more tolerant standard" should be employed in these administrative proceedings than that applicable in a court of law which operates under the adversarial system. *Hess v. Secretary of Health, Education and Welfare,* supra, 497 F.2d at 840. While it would not always be the Administrative Law Judge's duty to secure current medical evidence, the Court stated that "some lesser effort might be employed, such as advising the claimant of the importance of this information and suggesting that it be submitted at a later date." 497 F.2d at 841. The panel further noted that "after remand the Social Security Administration might avail itself of its right to have an examination by a physician of its own selection." Id. at 841.

 The instant case cries out for the "lesser effort" spoken of by the *Hess* court. Mr. Warmijak lacked the benefit of counsel, and he could produce neither the testimony nor the reports of physicians on his behalf. Moreover, he waived the right to appear at his hearing. Instead, he sent the Administrative Law Judge a letter, stating that he wished to offer further evidence in the form of a personal diary in which he had chronicled the symptoms of his ailments on a daily basis for a period of about one month.

---

1. Lack of representation by counsel, of course, cannot alone provide grounds for a remand. *Domozik v. Cohen,* 413 F.2d 5 (3d Cir. 1969).

Here, "some lesser effort" on the part of the hearing officer was definitely called for. Mr. Warmijak should have been notified that the evidence he proposed to offer would probably be of very limited value and that he would be better advised to procure and submit a current medical evaluation of his condition.

This is especially true in light of the fact that the most recent hospital records before the Secretary covered a period which ended more than a year before the Administrative Law Judge rendered his decision in this case. Thus, the hospital records were not only sparse, they were also outdated, and it was incumbent upon the Secretary at least to advise the claimant that he should amplify the medical evidence offered in support of his claim.[2]

■ There are other reasons as well to doubt that the Secretary's conclusions regarding claimant's vocational abilities were supported by substantial evidence. The Administrative Law Judge made a specific finding that "[t]he claimant retained the physical capacity before September 30, 1976 to return to his former types of employment." Finding of Fact No. 4, Tr. at 10. First, it is difficult to see how the hospital records could possibly support such a conclusion when the latest hospital report available covered a period ending on October 23, 1975.

Secondly, what little evidence existed in the record apart from the hospital reports seems to contradict the Secretary's finding. The claimant's "former types of employment" included welder, forklift operator, mechanic, and construction laborer. It was apparently undisputed that his last employment occurred during the month of July in 1974. At that time, he worked as a construction laborer for a period of one week when he was laid off "due to an inability to perform job duties." Tr. at 8.

On July 28, 1975, claimant wrote a letter to his former employer, the Lukens Steel Company. He stated that he suffered from a back ailment and that he frequently had dizzy spells and blackouts when in the "standing up position." His letter inquired whether, under these circumstances, he could be considered for employment as a welder, a forklift operator or a mechanic, and if not, could he be considered for a "lesser position?" Tr. at 53, Ex. 11. Lukens' reply, dated July 30, 1975, regretfully advised Mr. Warmijak that employment with the company would involve too much heavy physical labor for a person with a back ailment, and that his dizzy spells and blackouts would pose a danger to himself as well as other employees since his duties would require him to work with mobile equipment and machinery. Tr. at 54, Ex. 12.

While this evidence is certainly insufficient to establish a claimant's disability, it at least raised doubts about Mr. Warmijak's capacity to return to some or all of the types of employment that he had previously performed. It was therefore incumbent upon the Secretary to make precise findings as to which of his previous jobs claimant was still qualified for, what other types of employment he might be qualified for, and whether such jobs were currently available. The present record contains neither the report of a vocational expert[3] nor any other evidence upon which such findings could be based. See *Daniel v. Gardner*, 390 F.2d 32 (5th Cir. 1968).

I am therefore remanding this case to the Secretary in order that a complete record can be developed as to the claimant's actual physical condition. If Mr. Warmijak succeeds in establishing that his disability prevents him from engaging in any of his

2. As the *Hess* court suggested, on remand the Secretary here might be well advised to have Mr. Warmijak examined by a physician appointed by the Social Security Administration.

3. Included in the record of this case is a six page resume, detailing the qualifications and experience of one H. Dale Freidman, a voca-

tional expert. Conspicuously absent, however, is any report from Mr. Freidman relative to the facts and issues presented by Mr. Warmijak's claim for benefits. The Administrative Law Judge made no reference to any expert vocational evidence of any kind in his discussion and findings.

former types of employment within the meaning of the Social Security Act, it will be the Secretary's burden to show that there are other types of employment for which claimant is qualified, and that such jobs are available. *Lewis v. Weinberger*, 515 F.2d 584 (5th Cir. 1975).