Shirley A. HEIDIG, S/S
#–191–24–1462, Plaintiff,

v.

Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.

No. 83–1911 Civ-WMH.

United States District Court, S.D. Florida, Miami Division.

Jan. 8, 1985.

Lyle D. Lieberman, Miami, Fla., for plaintiff.

Pamela A. Hornett, Asst. U.S. Atty., Miami, Fla., for defendant.

## FINAL ORDER

HOEVELER, District Judge.

Upon review of the Recommendation of United States Magistrate Peter R. Palermo, and upon independent *de novo* review of the record herein, the findings and recommendation of the Magistrate are approved and adopted, and it hereby is

ORDERED AND ADJUDGED that Plaintiff's motion for summary judgment is GRANTED and the decision of the Secretary of Health and Human Services is REVERSED and JUDGMENT RENDERED in favor of Plaintiff.

## REPORT AND RECOMMENDATION

PETER R. PALERMO, Chief United States Magistrate.

This is a review of the final decision of the Secretary of Health and Human Services of the United States of America, who has denied the application of Shirley A. Heidig for disability benefits and disability insurance benefits under the provisions of 42 U.S.C. Sections 416(i) and 423. This cause is before this Court after being remanded to reconstruct the administrative record and is now before this Court upon Plaintiff's Motion for Summary Judgment.[1]

---

1. Defendant has not responded to Plaintiff's motions.

The Honorable William M. Hoeveler, United States District Judge has referred this cause to Peter R. Palermo, Chief United States Magistrate for preliminary review of the administrative record and preparation of a recommended decision as to whether the record contains substantial evidence to support the administrative determination. *See, Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

## RECORD

### I

For the purposes of this Report and Recommendation, the letter, "R" will be used to designate the Record.

### II

The record in this case reveals that Plaintiff is a 51 year old former computer operator and bookkeeper (R. 35) who alleges that she became unable to work in July 1979 due to arthritis, lupus and cardic arrythmia (R. 55). On April 12, 1982 the Plaintiff filed for disability insurance benefits which were denied at all administrative stages (R. 62). The Plaintiff sought review and the case was heard by the Administrative Law Judge Ruth Tentori-Vila who held a hearing on January 6, 1983 (R. 31–54) at which Plaintiff and her attorney appeared. On February 11, 1983 the Administrative Law Judge (ALJ) decided that Plaintiff was not under a "disability" as defined by the Social Security Act (R. 20–24). The Judge's decision became the final decision of the Secretary of Health and Human Services when the Appeals Council denied Plaintiff's request for review on June 6, 1983 (R. 3). From that decision, Plaintiff now appeals to the Court for judicial review under 42 U.S.C. Section 405(g).

## FACTS AS ALLEGED BY THE PLAINTIFF

Plaintiff seeks disability insurance benefits on the basis that she has been unable to engage in any substantial gainful activity because of medically determinable physical impairments. Specifically, she alleges that she suffers from arthritis, lupus and cardiac arrythmia (R. 55).

## ISSUE PRESENTED

The issue to be determined by this Court is whether the Secretary's finding of no disability is supported by substantial evidence.

## APPLICABLE LAW

### A. *Statutory*

Certain basic statutory provisions relating to disability and mental impairment are applicable in this case.

First, 42 U.S.C. Section 423(d)(1)(A) defines "disability" as:

... inability to engage in any sustantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which lasted or can be be expected to last for a continuous period of not less than 12 months...

Pursuant to 42 U.S.C. Section 423(d)(2)(A), a disability exists where:

an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Further, 42 U.S.C. Section 423(d)(3) provides:

For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Title 42 U.S.C. Section 423(d)(5) (Supp.1983) specifies that:

An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

The term "disabled individual" is defined at 42 U.S.C. Section 1382c:

(a)(1) For purposes of this subchapter, the term. . . . 'disabled individual' means an individual who. . .

(A) is . . . disabled (as determined under paragraph (3)), and. . .

(B) is a resident of the United States, and is either (i) a citizen or (ii) an alien lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law (including an alien who is lawfully present in the United States).

(3)(A) An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. . .

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers lives or in several regions of the country.

(C) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

On November 28, 1978, the Secretary's vocational factors regulations were published as formal rules in the Federal Register. 20 C.F.R. Sections 404.1503–404.1513; Sections 416.903–416.913. Former Sections 404.1503–404.1513 were redesignated as Sections 404.1514–404.1518 and former Sections 416.903–416.913 were redesignated as 416.914–416.918. The new regulations became effective February 26, 1979. The new regulations were utilized in the instant case and set forth the factors which were considered in this action.

### B. *Caselaw*

#### I

The undersigned notes that cases decided by the Fifth Circuit Court of Appeals before the close of business on September 31, 1981 are binding on this Court as precedent. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

#### II

█ The law is clearly settled as to the role of this Court in reviewing the denial of Social Security Disability Benefits. The Social Security Act provides for a limited measure of judicial review. *See* 42 U.S.C. Section 405(g). "[The] role of the courts in this quintessentially administrative process is extremely narrow." *Lewis v. Weinberger,* 515 F.2d 584, 586 (5th Cir.1975). As stated by the Eleventh Circuit Court of Appeals:

In reviewing claims brought under the Social Security Act, our role is a limited one. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Secretary. Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence. 42 U.S.C. Section 405(g). *See e.g., Allen v. Schweiker,* 642 F.2d 799, 800 (5th Cir. 1981); *Warncke v. Harris,* 619 F.2d 412, 416 (5th Cir.1980). Yet, within this narrowly circumscribed role, we do not "act as automatons." *Ware v. Schweiker,* 651 F.2d 408, 411 (5th Cir.1981), *cert. denied,* 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982). We must scrutinize the record as a whole, *id.; Lewis v. Weinberger,* 515 F.2d 584, 586–87 (5th Cir.1975) to determine if the decision reached is reasonable, *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir.1979) and supported by substantial evidence, *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir.1981).

*Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). The court is barred from substituting its evaluation of the evidence for that of the Secretary, yet it may review the record to determine if substantial evidence exist to support the Secretary's findings. *Boyd v. Heckler,* 704 F.2d 1207 (11th Cir.1983); *Viehman v. Schweiker,* 679 F.2d 223 (11th Cir.1982). The court is to defer to the Secretary's findings of fact. *Wiggins v. Schweiker,* 679 F.2d 1387 (11th Cir.1982). *Millet v. Schweiker,* 662 F.2d 1199 (5th Cir.1981). Issues of credibility are reserved to the Secretary of Health and Human Services. *Smallwood v. Schweiker,* 681 F.2d 1349 (11th Cir.1982).

Thus, under the Eleventh Circuit's directive, this Court clearly may review the Secretary's denial and must utilize the entire record of the proceedings in making its final determination. *Tieniber v. Heckler,* 720 F.2d 1251 (11th Cir.1983).

### III

The issue before the Court is whether the finding of no disability of the Secretary, as reflected by the record, is supported by substantial evidence. *Tieniber v. Heckler, supra* at 1253.

The Plaintiff must realize that the function of this Court is not to determine the claim of the Plaintiff *de novo* but rather to determine whether the findings of the Secretary as to any fact are supported by substantial evidence. 42 U.S.C. Section 405(g); *Bloodsworth v. Heckler, supra* at 1239; *Jones v. Heckler,* 702 F.2d 950 (11th Cir.1983). "Substantial evidence" is defined as relevant evidence which a reasonable mind might accept as adequate to support a challenged conclusion. *Boyd v. Heckler, supra* at 1209.

### IV

■ The burden of proof on Plaintiff is heavy a one; it has been described as being unrealistic. *Bloodsworth v. Heckler, supra* at 1241. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir., Unit B, 1981). As stated by the Eleventh Circuit Court of Appeals:

> The claimant bears the burden of establishing the existence of a disability. To shoulder this burden the claimant must prove that he is unable, due to his physical or mental impairment, to perform his previous work. The burden then shifts to the Secretary to establish that there is alternative gainful employment in the economy that the claimant is able to perform. If the Secretary is successful, the burden shifts one final time—back to the claimant, who then must prove that he is unable to perform the jobs suggested by the Secretary.

*Boyd v. Heckler, supra* at 1209.

### V

■ Plaintiff has alleged that she suffers from disabling pain. The law provides that pain may constitute a disability if it is not remediable or is sufficiently severe to preclude substantial gainful activity. *Scharlow v. Schweiker,* 655 F.2d 645 (5th Cir.1981); *Ware v. Schweiker,* 651 F.2d 408 (5th Cir.1981), *cert. denied* 455 U.S. 912,

102 S.Ct. 1263, 71 L.Ed.2d 452 (1982). Pain can be held disabling even where there is no supporting objective medical evidence if the pain can be linked to a medically determinable impairment. *Simpson v. Schweiker, supra.* Yet complaints of pain do not have to be supported by objective findings in order for the ALJ to consider whether the pain is disabling. *Diorio v. Heckler,* 721 F.2d 726 (11th Cir.1983).

### EVIDENCE

■ Four factors must be considered in determining the merits of a claim for disability benefits:

1. objective medical facts or clinical findings;
2. diagnoses of examining physicians;
3. subjective evidence of pain and disability as testified to by the claimant and corroborated by other witnesses; and
4. claimant's age, education and work history.

*Tieniber v. Heckler, supra* at 1253.

The specific evidence presented before the Administrative Law Judge has been examined in detail to determine whether the Plaintiff has sustained the burden of proof and, if so, whether the Secretary met that burden of proof when it shifted to her. The undersigned has determined that the Plaintiff has met the burden as will be explained *infra.*

### A. *Objective Medical Facts or Clinical Findings*

Plaintiff is 5'2" tall and weighs 155 pounds (R. 110). Her pulse is 80, respirations 20, blood pressure 130/80 and her corrected vision is 20/20 (R. 110).

### B. *Diagnoses of Examining Physicians*

In 1973, Plaintiff underwent a discemtomy for the removal of a cervical disc (R. 91–92). In March 1982, Plaintiff continued to have irritation in the cervical spine. Dr. Herminio Cuervo, M.D. diagnosed chronic irritation at the root (R. 97). Dr. Pedro Albanes, Plaintiff's surgeon, found the formation of osteophytes and diagnosed carpal tunnel syndroms vs. compressive radiculopathy (R. 99). He additionally diagnosed osteoarthritic disease of the cervical spine (R. 100).

In 1980, Plaintiff was examined by Humbero Machado, M.D., a cardiologist. He diagnosed Plaintiff as having atypical chest pains, syncope, paraxysmal atrial fibrillation, secondary to Lown-Gangon-Levine syndrome, hypothyroidism and rheumatoid arthritis (R. 108). In 1982, Dr. Machado diagnosed Plaintiff as having migraine, cephalalgia and vertigo, mitral prolapse, syncope and short PR syndrome, hypothyroidism, and rheumatoid arthritis with possible systemic lupus (R. 147).

In 1982, Plaintiff was examined by Dr. Richard Meyers, M.D.. Dr. Meyers diagnosed systemic lupus erythematosis, rheumatoid arthritis, paroxysmal arrhythmias with possible valvular heart disease and cervical osteoarthritis with right radiclopathy and status post cervical fusion (R. 113).

Dr. Angel F. Vidal, M.D., Plaintiff's treating physician, diagnosed Plaintiff as having systemic lupus erythematosis (R. 142).

### C. *Subjective Evidence of Pain and Disability*

Plaintiff testified that she is in a great deal of pain (R. 37). She stated that she can sit for only 45 minutes (R. 43). She stated that she cannot walk more than one half hour due to pain and fatigue (R. 44). She stated that she has constant pain in her shoulder, knees and neck, and intermittent pain in her elbows, hands and ankles (R. 48). She stated that she has swelling in her knees, ankles and fingers (R. 48).

### D. *Plaintiff's Age, Education and Work History*

Plaintiff is 51 years old and has an eleventh grade education (R. 35). She is divorced (R. 41). Plaintiff has worked in the past as a computer operator, bookkeeper and credit manager (R. 35–36).

## E. *Findings of the ALJ*

Based upon all the evidence and testimony from the Plaintiff, witnesses, medical experts and practitioners, the ALJ determined among other findings that:

1. The claimant met the special earnings requirements of the Act on July 1, 1979, the date that the claimant stated she became unable to work, and continues to meet them through September 1983.

2. The claimant has the following impairments: hyperthyroidism, chronic bronchitis, systemic lupus, cervical osteoarthritis (none severe).

3. The claimant has the residual functional capacity to perform work-related functions except for work involving light work, including extensive walking or carrying.

4. The claimant's relevant work as a clerk and computer operator did not require extensive walking or carrying.

5. The claimant's impairments do not prevent the performance of this past relevant work.

6. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

## ANALYSIS

■ Among its regulations, the Secretary has established a sequential evaluation to arrive at a final determination of disability. 20 C.F.R. Section 404.1520. Step one is an inquiry as to whether the claimant is presently engaged in substantial gainful activity. 20 C.F.R. Section 404.1520(b). If the answer is in the affirmative, the sequential determination ends with a finding of not-disabled; otherwise the Secretary proceeds to step two. At step two, the Secretary determines whether the claimant has a severe impairment. 20 C.F.R. Section 404.1520(c). If the impairment is found not to be severe, the sequential determination ends with a finding of not-disabled; otherwise the Secretary proceeds to step three. At step three, a determination is made as to whether the claimant's severe impairment is listed in 20 C.F.R. Section 404, Appendix 1. 20 C.F.R. Section 404.-1520(d). If the claimant's impairment meets or is equivalent to a list impairment, the sequential determination ends with a finding of disabled; otherwise the Secretary proceeds to step four. At step four, the Secretary determines whether the claimant can return to past relevant work. 20 C.F.R. Section 404.1520(e). An affirmative finding mandates a finding of not-disabled and ends the inquiry. If, however, it is determined that the claimant cannot return to past relevant work, the Secretary must proceed to step five and determine whether the claimant can perform any work existing in the national economy. 20 C.F.R. Section 404.1520(f).

In the instant case, the ALJ disregarded the sequential evaluation and made a blind determination that Plaintiff is capable of returning to her past work. It is clear that such a determination is unfounded and unsupported with substantial evidence in the record.[2] Upon a proper procession through the sequential evaluation, it is this Court's conclusion that Plaintiff has sustained her burden of establishing a disability. Specifically, Plaintiff's impairment is a listed impairment falling within the purview of 20 C.F.R. Section 404 Appendix 1 section 1.02 and 10.04. Those sections state:

1.02 *Active rheumatoid arthritis and other inflammatory arthritis* With both A and B

A. Persistent joint pain, swelling, and tenderness involving multiple joints with signs of joint inflammation (heat, swelling, tenderness) despite therapy for a least 3 months, and activity expected to last over 12 months; and

B. Corroboration of diagnosis at some point in time by either:

---

**2.** This Court cannot imagine how the ALJ determined that Plaintiff can return to her past work as a computer operator or a bookkeeper without there being any evidence in the record as to the duties and physical difficulties that those two professions entail.

1. Positive serologic test for rheumatoid factor; or

2. Antinuclear antibodies; or

3. Elevated sedimentation rate.

10.04 *Disseminated lupus erythematosus (established by a positive LE preparation or biopsy or positive ANA test).* With frequent exacerbations demonstrating involvement of renal or cardiac or pulmonary or gastrointestinal or central nervous systems.

Upon examination of Plaintiff, Dr. Meyers determined that Plaintiff suffers from both systemic lupus erythematosis and rheumatoid arthritis (R. 113). Plaintiff's cardiologist, Dr. Humberto Machado, diagnosed Plaintiff as having atypical chest pains, syncope and paroxsmal atrial fibrillations secondary to Lown Ganong-Levine syndrome (R. 108). Dr. Machado stated that these cardiac problems could easily be attributed to Plaintiff's problems of rheumatoid arthritis and probable systemic lupus (R. 119). Dr. Vidal, Plaintiff's treating physician and a rheumatology specialist, stated that initially Plaintiff's clinical diagnosis was that of rheumatoid arthritis however upon further laboratory testing, systemic lupus erythematosis was indicated (R. 135). Dr. Vidal stated that Plaintiff has a positive serological test for rheumatoid factor, a positive test for antinuclear antibodies (ANA) and an elevated sedimentation rate (R. 143). Additionally, Dr. Vidal stated that Plaintiff had intermittent swelling of the hands, fingers and knees, generalized fatigue and weakness (R. 140). Dr. Vidal stated that Plaintiff's joint swelling and pain would persist for more than 12 months despite therapy (R. 142).

None of the foregoing medical evidence is rebutted in the record. It is clear to this Court that whether Plaintiff's disease is established to be rheumatoid arthritis or systemic lupus erythmatosis, Plaintiff's impairments fall within both sections 1.02 and 10.04 of Appendix 1. Accordingly, it is the finding of this Court that the ALJ's finding of no disability is not supported by substantial evidence in the record.

## RECOMMENDATION

It is this Court's conclusion that Plaintiff has sustained her burden of proving that she is disabled. Specifically, Plaintiff's impairments clearly fall within the purview of the listed impairments of Appendix 1. Accordingly, a finding of disabled is mandated. 20 C.F.R. section 1520(d). Accordingly, it is hereby

RECOMMENDED that Plaintiff's motion for summary judgment be GRANTED and the decision of the Secretary of Health and Human Services be REVERSED and JUDGMENT RENDERED in favor of Plaintiff.

The parties to this action shall have ten (10) days from the date of this review and recommendation in which to file their objections, if any, with the Honorable William M. Hoeveler, United States District Judge.