James W. MARTIN, Plaintiff,

v.

Patricia R. HARRIS, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 79–G–5154–NE.

United States District Court, N. D. Alabama, Northeastern Division.

Feb. 2, 1981.

Charles A. Sullins, Sullins & Robbins, Huntsville, Ala., for plaintiff.

Elizabeth Campbell, Asst. U. S. Atty., Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, James W. Martin, brings this action pursuant to the provisions of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare denying his application for disability insurance benefits as provided for under Sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423.

Plaintiff originally filed an application for disability insurance benefits in June 1965 which was denied both initially and upon reconsideration in August 1966. Plaintiff then requested a hearing on his application which was subsequently dismissed at his request. A second application was filed on June 25, 1973, which was also denied and not followed through to administrative finality. Plaintiff's current application was filed on May 11, 1978, in which he alleges that he has been disabled since March 8, 1965, due to rheumatic heart disease, chronic bronchitis, and atrial fibrillation. The application was heard and benefits were denied by an administrative law judge on February 22, 1979, based on the judge's findings that (1) the 1965 case should not be reopened and (2) the claimant, Mr. Martin, had engaged in substantial gainful employment during the period he met the special insured status requirements for disability insurance.

Plaintiff appealed the decision to the Appeals Council which refused to grant his request for review and adopted the administrative law judge's ruling as the final decision of the Secretary on June 8, 1979. From this decision, plaintiff filed a complaint in this court on August 7, 1979.

Under Title 42 U.S.C. § 405(g), the court's role in reviewing the Secretary's decision is limited to making a determination whether or not there is substantial evidence in the record as a whole to support the finding of the Secretary that the claimant did not qualify for disability insurance benefits. In this regard, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and it is more than a "scintilla." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971); *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971), *cert. denied* 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971), *rehearing denied* 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690 (1971). Having carefully reviewed the record, the court is of the opin-

ion that the decision of the Secretary is not supported by substantial evidence. Therefore, it must be reversed.

■ The claimant has the burden of establishing that he was disabled within the meaning of the Social Security Act. *Demandre v. Califano,* 591 F.2d 1088, 1090 (5th Cir. 1979); *Rhynes v. Califano,* 586 F.2d 388, 389 (5th Cir. 1978). In order to meet this burden, the claimant must prove two things: first, that he has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months; and second, that the impairment renders him unable to engage in any substantial gainful employment. Title 42 U.S.C. § 416(i); *Baker v. Gardner,* 362 F.2d 864 (3d Cir. 1966); *Bujnovsky v. Celebrezze,* 343 F.2d 868 (3d Cir. 1965). If a claimant, however, demonstrates that an impairment is so severe that he can no longer perform the kind of work in which he had been engaged previously, the burden shifts to the Secretary to prove the availability of some other kind of substantial gainful employment which the claimant is able to perform. *White v. Harris,* 605 F.2d 867, 869 (5th Cir. 1979); *Hernandez v. Weinberger,* 493 F.2d 1120 (1st Cir. 1974).

This order reversing the decision of the Secretary of Health, Education and Welfare is based upon a finding that the Secretary erred in refusing to reopen plaintiff's 1965 claim and that the decision denying him disability insurance is not supported by substantial evidence.

In regard to the reopening issue, 20 C.F.R. § 404.957 states that a final decision by the Secretary may be reopened in the following circumstances:

(b) ... within 4 years after the date of the notice of the initial determination ... to the party to such determination, upon a finding of good cause for reopening such determination or decision, or

(c) At any time, when: ...

(8) Such initial, revised, or reconsidered determination or decision or revised decision is unfavorable, in whole or part, to the party thereto but only for the purpose of correcting clerical error or error on the face of the evidence on which such determination or decision was based.

As plaintiff is seeking to reopen his 1965 application in which disability insurance benefits were denied, the only reopening provision available is 20 C.F.R. § 404.-957(c)(8), due to the time span involved. The key phrase in this provision is "error on the face of the evidence," which is defined by the Social Security Claims Manual as follows:

... An error on the face of the evidence exists where, on the basis of all the evidence in the file on which the determination or decision was based and any evidence of record anywhere in the Administration at the time such determination or decision was made, it is *clear* that the determination or decision was incorrect.

. . . . .

A determination or decision which was reasonable on the basis of the evidence in the file and the statute, regulations, instructions, precedents, etc., existing at the time the determination or decision was made, will not be reopened merely because there is a shift in the weight of the evidence, a different inference is now drawn from the evidence, a different rule of law would now be applied, or the statute or regulations have been amended, unless such amendment specifically provides otherwise. . . . In such cases there is no error on the face of the evidence on which the determination or decision was based (i. e., the "record") which would permit reopening.

Social Security Claims Manual § 7015 (July 1979) (emphasis included).

■ The administrative judge held that plaintiff's claim could not be reopened due to administrative finality. The issue raised by the above regulations and definition is basically one of whether an injustice has been done to a claimant which necessitates a reopening of the claim although the administrative four-year statute of limitations

has run. *Lauritzen v. Weinberger*, 514 F.2d 561, 563 (8th Cir. 1975); *United States v. Smith*, 482 F.2d 1120, 1123 (8th Cir. 1973); *Grose v. Cohen*, 406 F.2d 823, 825 (4th Cir. 1969); *Anderson v. Weinberger*, 380 F.Supp. 640, 644 (D.Md.1974). Plaintiff is a 50-year-old man (at the time of the administrative hearing in 1979) with a ninth-grade education, a G.E.D. equivalency diploma and one year of business school. He presented a great quantity of uncontroverted medical evidence concerning his heart condition at the 1965 hearing and the 1966 reconsideration, including his early disability retirement from the Army in July 1965, after serving 17 years, his being rated 60 percent disabled by the Army at retirement, a partially successful mitral commissurotomy operation undergone in 1964, a heart classification of IIIC [1] (American Heart Association) for the four years prior to his retirement, an examination by a Veterans Administration doctor in 1966 in which he found plaintiff permanently disabled for all the usual Civil Service positions, and that he was denied unemployment compensation in 1966 due to being physically unfit. The Social Security Administration in denying disability insurance in 1965 and 1966 seemed to place great emphasis on a single 1965 examination by a young intern in which plaintiff's heart was rated class II [2] despite all the evidence to the contrary leading up to 1965 and in 1966. Further, it appears that plaintiff was denied access to some of the medical reports which he could have used to rebut the 1965 medical report until recently with the passage of an amendment to the Freedom of Information Act in 1974. This court is of the opinion that there is an "error on the face of the evidence" requiring a reopening of plaintiff's 1965 claim in order to prevent an injustice from being perpetrated.

With this decided, the court must determine whether the Secretary's initial decision in 1965, and latest one in 1979, denying disability insurance benefits, are supported by substantial evidence. There are four elements of proof to be weighed in determining whether there is substantial evidence to support the decision. These are: (1) the objective medical facts; (2) the diagnosis and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) the subjective evidence of pain and disability as testified to by plaintiff and corroborating witnesses; and (4) plaintiff's educational background, work history, and present age. *Underwood v. Ribicoff*, 298 F.2d 850, 851 (4th Cir. 1962); *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972).

As previously stated, plaintiff was forced to retire early from the Army due to his heart disease. In *Meneses v. Secretary of Health, Education and Welfare*, 422 F.2d 803, 808 (D.C. Cir. 1971), the court specifically stated that where plaintiff was discharged from the Army for medical reasons (heart disease), this was sufficient showing of inability to return to former employment to shift to the Secretary the burden of coming forward with evidence that plaintiff's condition left him gainfully employable. In addition to his retirement with a 60 percent disability rating from the Army, plaintiff, as noted above, produced a substantial amount of medical evidence indicating his disability. An examination in 1969 showed that plaintiff's heart had deteriorat-

1. According to the American Heart Association Functional Capacity and Therapeutic Classification chart, a IIIC classification describes a class III function capacity and class C therapeutic rating. The following is the description accompanying each classification:

  *Class III.* Patients with cardiac disease resulting in marked limitation of physical activity. They are comfortable at rest. Less than ordinary activity causes fatigue, palpitation, dyspnea or anginal pain.

  *Class C.* Patients with cardiac disease whose ordinary physical activity should be moderately restricted, and whose more strenuous efforts should be discontinued.

2. *Id., Class II.* Patients with cardiac disease resulting in slight limitation of physical activity. They are comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea or anginal pain.

ed further to a IIID[3] rating. In 1970, plaintiff's disability was deemed to be 80 percent by the Veterans Administration which was raised to 100 percent in 1973.

The Secretary appears to have accepted that plaintiff has met the initial burden of showing disability and inability to return to his former employment. The denial of benefits is based on the fact that plaintiff did work from 1965 to 1973 and was therefore, according to the Secretary, engaged in substantial gainful employment and not eligible for disability insurance. The administrative law judge conceded that plaintiff was probably disabled since 1973, but that he has not since December 1971 met the special insured status requirements for disability insurance benefits and was not now eligible for disability benefits. Plaintiff argues that he had to work since he was not granted disability benefits, was declared ineligible for unemployment compensation, was deemed physically unfit for Civil Service jobs, and had a wife and child to support. He further alleges that his working during the 1965 to 1973 period was detrimental to his health, as indicated by his steadily deteriorating health.

In *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975), the court said:

> The fact that he may retain some residual physical function is not, without more, substantial evidence supporting a conclusion that he may successfully undertake sedentary labor. It is clear that the claimant need not be a total basket case before the courts find that there is an inability to engage in substantial gainful activity.

The court in *Aaron v. Fleming*, 168 F.Supp. 291, 295 (M.D.Ala.1958), stated: "I do not interpret the Act to apply only to the totally helpless and bedridden, nor to those at death's door." The fact that a claimant has worked to support his family does not necessarily disqualify that person for disability insurance benefits. *Leftwich v. Gardner*,

3. *Id., Class III.* (see note 1, *supra*).
   *Class D.* Patients with cardiac disease whose ordinary physical activity should be markedly restricted.

377 F.2d 287 (4th Cir. 1967). This situation was eloquently described by Judge Holmes in *Mabry v. Travelers Ins. Co.*, 193 F.2d 497, 498 (5th Cir. 1952), as follows:

> Pinched by poverty, beset by adversity, driven by necessity, one may work to keep the wolf away from the door though not physically able to work; and, under the law in this case, the fact that the woman worked to earn her living did not prevent a jury from finding, from the evidence before it, that she was totally and permanently disabled even while working.

Plaintiff did hold several jobs during the period from 1965 to 1973. His situation is similar to the claimant in *Leftwich v. Gardner, supra*, in which the court stated at 290, 291:

> But the Hearing Examiners may not quit thinking when the claimant's earnings reach a magic mark. The test is not whether Leftwich by willpower can stay on his feet yet another day—but whether objectively and in the totality of the circumstances, including especially his afflictions, he is disabled within the meaning of the Social Security Act.

Considering the totality of the circumstances in this case, there is no substantial evidence supporting the Secretary's decision. The one suspect heart rating of Class II compared to the overwhelming medical evidence that a far more serious condition existed does not meet the substantial evidence test nor does the fact that plaintiff worked mean that he was not disabled, especially in this case where plaintiff had to support his family by some means after his initial application for disability insurance benefits was disapproved.

It is the opinion of this court that plaintiff, James W. Martin, is entitled to disability insurance benefits retroactive from March 8, 1965. An order in conformity with this opinion will be entered.