George HOWARD, Plaintiff,

v.

Joseph CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.

No. 78–532 Civ. T–K.

United States District Court,
M. D. Florida,
Tampa Division.

March 25, 1981.

Mary Lee Hall, Florida Rural Legal Services, Inc., Wauchula, Fla., for plaintiff.

Rodney Morgan, Asst. U.S.Atty., M. D. Florida, Tampa, Fla., for defendant.

## ORDER

KRENTZMAN, District Judge.

Plaintiff brings this action to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare denying his claim for supplemental security income benefits. Jurisdiction is invoked under the provisions of 42 U.S.C. § 405(g) and § 1383(c)(3).

Pursuant to the standard procedures of this Court, the case was randomly assigned to a United States Magistrate who, after hearing, recommended that the case be remanded to the Secretary for further evidentiary findings on the issue of what light and sedentary work plaintiff is able to perform. For the reasons set forth below, the Court finds that the decision of the Secretary is supported by substantial evidence and should be affirmed. The Court does not adopt the finding and recommendation of the Magistrate.

## PROCEDURAL BACKGROUND

There is no dispute here regarding the timeliness and sufficiency of plaintiff's application for supplemental security income benefits or of his various administrative and judicial appeals from the denial thereof. As indicated in the record, plaintiff filed his application for supplemental security income benefits on August 3, 1976. That application was denied both initially and following reconsideration, and, upon plaintiff's timely request for an administrative hearing, the matter was considered *de novo* by the administrative law judge who rendered his decision on October 13, 1977 denying plaintiff's claim for supplemental benefits.

The denial of plaintiff's claim was approved by the Appeals Council on March 23, 1978, and thus at that time the Secretary's decision became final. See transcript at 14.

Finally, on May 3, 1978, the Appeals Council again reviewed the evidence, considered questions raised in plaintiff's brief, and concurred in its initial approval of the denial of plaintiff's claim.

## THE CONCLUSIONS OF THE ADMINISTRATIVE LAW JUDGE

As indicated in the findings of the administrative law judge, and as supported by plaintiff's testimony at the administrative hearing, plaintiff is a fifty-three year old male with a second-grade education. He has been separated from his wife for a number of years, has no children, and cares for himself in a room which he rents in a boarding house. He is unable to read or write. He has past work experience as a road construction laborer, a chain saw operator, and a grove worker. The medical evidence in the record indicates that plaintiff suffers from a history of degenerative disc disease of the cervical spine and from degenerative arthritis of the cervical spine and the lumbosacral spine. Plaintiff testified at hearing that he occasionally has back and leg pains and that at times his chest "got to worrying him." Transcript at 44. This evidence and testimony was reflected in the administrative law judge's findings:

The claimant has a history of multiple arthralgias, some of which are not substantiated by the objective medical evidence, such as x-rays. The claimant's complaints regarding joint pain appear to be somewhat varied. There is objective evidence of degenerative disc disease in the cervical spine, and of arthritic changes in the cervical spine and in the lumbar spine. Of these, the x-ray evidence indicates that the cervical spine pathology is the actual more severe; however, it is noted that while he stated he had arthritis in his neck, the claimant had no complaints relative to neck pain at the hearing. Dr. Hadden reported a full range of motion of the low back; there is no evidence to indicate the presence of any nerve root entrapment. The Clinic notes and the claimant's own testimony indicates that the medication he takes for his joint pain is fairly efficacious in relieving the discomfort. The claimant indicated that he is bothered by chest pain, and there are indications in the record of a possible diagnosis of angina pectoris. However, there is no evidence of serious heart disease, such as myocardial infarction, congestive heart failure, or cardiac ischemia. A careful review of the Clinic notes does not reveal the presence of recorded complaints of chest pain recently. A resting electrocardiogram performed in September, 1976, was interpreted as showing only sinus bradycardia; a Master's three step test performed the same date was "essentially negative." All tracings were stated to be "within normal limits." A repeat exercise test performed in October, 1976, was stated to be "insignificant." Therefore, it does not appear that claimant suffers from serious cardiovascular disease.

Transcript at 26.

Based upon this evidence, the administrative law judge made the following findings:

3. The claimant suffers from a history of chest pains; from a history of degenerative disc disease of the cervical spine; from degenerative arthritis of the cervi-

cal spine and the lumbosacral spine, with full range of motion of the low back; and from hypertension, controlled, without evidence of end-organ damage or other complications.

4. The claimant is unable to perform medium or heavy labor, work requiring heavy lifting, bending, hauling, or pushing, but is able to function adequately otherwise.

5. Considering his age, education, work experience, and residual physical capacity, the claimant is able to perform a large number of jobs of a light or sedentary nature.

Transcript at 27.

As to the finding relating to plaintiff's ability to engage in light and sedentary work, the administrative law judge reasoned as follows:

> The weight of the credible evidence of record, including the medically prescribed limitations and restrictions in the record, reveal that in all probability the claimant is unable to perform medium or heavy work activity. However, he still retains considerable residual functional capacity. In the opinion of the Administrative Law Judge claimant is able to perform a large number of jobs of a light or sedentary nature. Jobs which he seems able to function adequately in, with a minimum of training, include: citrus sorter, janitor or porter, seafood processor, hand packager, hand trimmer, or hand assembler of small objects.

Transcript at 26.

As indicated in the Magistrate's report and recommendation, the finding that the plaintiff was "unable to perform medium or heavy labor, work requiring heavy lifting, bending, hauling or pushing," indicates that plaintiff is unable to return to his former work as a road construction laborer, a chain saw operator, or a grove worker.

## CONCLUSIONS OF LAW

The question before the Court is whether or not the Secretary's decision is supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). If it is so supported, this Court has no authority to alter the Secretary's decision. 42 U.S.C. § 405(g).

Applicable portions of Title 42, U.S.C. § 423 read, in pertinent part:

(d)(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or

(2) For purposes of paragraph (1)(A)—

(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, *engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.*

42 U.S.C. § 423(d) (emphasis supplied).

The legislative history of the 1967 Amendments to 42 U.S.C. § 423(d) clearly indicates the reasons and need for the specific language in the amendment regarding the kind of substantial gainful work to be considered. The history indicates that it was the intent of the statute to provide a definition of disability which can be applied with uniformity and consistency throughout the nation, without regard as to where a particular individual may reside, to local hiring practices or employer preferences, or to the state of the local or national economy.

Caselaw in this Circuit relating to § 423 firmly requires that the claimant produce substantial evidence showing that he can no longer perform his usual work. *White v. Harris*, 605 F.2d 867 (5th Cir. 1979). As indicated, the findings of the administrative law judge here imply that plaintiff is unable to return to his past positions of employment or to engage in heavy work requiring significant bending, lifting, or movement generally.

■ When a showing is made by substantial evidence that claimant cannot return to his former work, the burden rests with the Secretary to show that there are other sorts of substantial gainful activity in which claimant can engage. *White v. Harris, supra*, at 869. The Fifth Circuit clearly indicated in *White* that in discharging this duty or burden the administrative law judge is entitled to take judicial notice that "certain jobs require little physical effort, are sedentary in nature and exist in the national economy." *White v. Harris, supra*, at 869. It is not necessary to call vocational experts "to put two and two together." The administrative law judge may take administrative notice of an "infinite variety of jobs which can be classified as light work and it [is] not necessary for the Secretary to introduce evidence of the obvious fact that light work exists in the national economy." *Breaux v. Finch*, 421 F.2d 687 (5th Cir. 1970); *Brown v. Finch*, 429 F.2d 80 (5th Cir. 1970).

The *White* court did express concern for the situation in which the claimant has no opportunity to contravene the evidentiary offerings or findings by the administrative law judge that claimant can work in other positions. The panel stated:

A quick remark by an administrative law judge that he takes official notice of availability of jobs in the national economy that would be suitable for the claimant *could* be unfair for lack of specificity.

*White, supra*, at 870 (emphasis supplied). The panel noted, however, that there the administrative law judge "made a specific finding that the claimant could 'if motivated to do so, work as a custodian or janitor in a public or private building or similar type of work activity not requiring strenuous physical effort.' There was no offer of evidence to the contrary." *White, supra*.

■ The administrative law judge in the case at bar took notice in his findings that light and sedentary jobs exist in the national economy and that these positions included those of citrus sorters, janitors or porters, seafood processors, hand packagers, hand trimmers, or hand assemblers of small objects. He found that claimant could function satisfactorily in one of these positions. Claimant had ample opportunity before the Appeals Council to challenge these findings with substantial evidence and failed to do so.

The Magistrate's reliance upon the recent case of *Frugh v. Harris*, 637 F.2d 1244 (5th Cir., 1980), is misplaced. *Frugh* clearly states that "[i]t is permissible for an ALJ to take administrative notice of the fact that certain jobs are light and sedentary in nature and exist in the national economy." *Frugh, supra*, at 1247. The *Frugh* panel cautioned, as did the *White* court, that the claimant must be aware of the "administrative noticing" by the administrative law judge to permit him an opportunity to challenge those facts or findings. As indicated, the administrative law judge in the instant case gave administrative notice of specific jobs of a light and sedentary nature, and no evidence to the contrary was submitted by claimant before said findings were made final.

Decision in this type case is always difficult. All concerned should remember that a case reaches the Court only after consideration in at least three stages in the administrative process, that the administrative law judge is authorized to make decisions as to both the credibility and weight of evidence before him, and that the discretion of the Court in reviewing said decision is a limited one.

Entitlement to recover disability insurance benefits under the Social Security Act is limited by the terms of the Act itself, the expressed intent of Congress and the caselaw relating thereto. Such benefits are not

substitutes for welfare payments or other local, state or federal aid for disability. While the Court, of course, has sympathy for one who is sick or infirm, decision for that reason would not be proper.

Accordingly, the Court disapproves the report of the Magistrate and finds that the Secretary's decision denying plaintiff supplemental security income benefits is supported by substantial evidence. The decision of the Secretary is AFFIRMED and this case is hereby DISMISSED. The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.