62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond D. SHRIVER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-5214.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 2, 1995.
 
 Before MOORE, SETH and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*[2]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Raymond D. Shriver appeals the district court's affirmance of the decision by the Secretary of Health and Human Services (Secretary) denying his application for social security disability benefits. Because the Secretary's decision is not supported by substantial evidence, and because legal errors occurred, we reverse and remand this case for further proceedings.
 
 
 3
 Mr. Shriver applied for disability benefits in June 1991, alleging an inability to work after December 27, 1990, due to problems with his heart and back. After a hearing, the administrative law judge (ALJ) concluded that Mr. Shriver's impairments did not meet or equal a listed impairment, and that he retained the ability to perform a significant number of jobs in the economy. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary.
 
 
 4
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Failure to consider the impact of a claimant's impairment is grounds for reversal. Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir.1994).
 
 
 5
 Mr. Shriver argues that the Secretary's decision is not supported by substantial evidence because the ALJ (1) disregarded uncontradicted medical evidence concerning his heart condition; (2) improperly rejected his treating physician's opinion; and (3) discredited Mr. Shriver's pain testimony for improper reasons.
 
 
 6
 In May 1984, Mr. Shriver suffered a myocardial infarction while working as a coal miner. After cardiologist David L. Brewer diagnosed Mr. Shriver with coronary artery disease, he underwent quadruple bypass surgery, returning to work in September 1984. He continued to be treated by Dr. Brewer.
 
 
 7
 In December 1990, Mr. Shriver fell off a truck at work and injured his back, neck and shoulder. Physical examinations revealed a reduced range of motion, reduced grip strength, pain, and muscle spasm. R. II at 215-220, 228-230, 232-35. A CT scan showed slight bulging at L4-L5. Id. at 218, 228-29. Mr. Shriver has not returned to work since this accident.
 
 
 8
 In December 1991, Mr. Shriver was examined by Dr. Brewer after experiencing dizziness and chest pain. Catheterization showed occlusion of his circumflex and lateral anterior descending (LAD) arteries. Angioplasty was performed on the circumflex artery, with good results. The LAD artery remained occluded, but was filling via collateral vessels. Id. at 238-39, 256-57.
 
 
 9
 In January 1992, Mr. Shriver experienced pain while carrying hay. His treadmill test was stopped at seven minutes because of pain and ECG changes. Dr. Brewer noted "upsloping ST segment depression with exercise that became horizontal in recovery," and interpreted the treadmill test as "abnormal." Id. at 287. He noted that Mr. Shriver would continue to have abnormalities because of the occluded LAD. Id. at 259.
 
 
 10
 In February 1992, Dr. Brewer completed an insurance form in which he rated Mr. Shriver's cardiac functional capacity as "class 3" on the American Heart Association (AHA) scale. Id. at 318. Class 3 patients are defined as "[p]atients with cardiac disease resulting in marked limitation of physical activity. They are comfortable at rest. Less than ordinary physical activity results in undue fatigue, palpitation, dyspnea, or anginal pain." AHA, Diseases of the Heart and Blood Vessels: Nomenclature and Criteria for Diagnosis (6th ed.1964). Dr. Brewer opined that Mr. Shriver was totally disabled for his occupation or any other type of work, and recommended against vocational counseling or retraining. R. II at 318. In the "Remarks" section at the bottom of the form, Dr. Brewer noted that Mr. Shriver was "seeking disability since he is limited severely by his back as well as his heart." Id.
 
 
 11
 In October 1992, in an unsolicited letter, Dr. Brewer reported that Mr. Shriver "has chronic angina [that] impairs his ability to [do] much of anything. In addition, he has back problems which limit him. I think that between the two together he is likely disabled." Id. at 321.
 
 
 12
 The ALJ concluded that Mr. Shriver's heart problems had been resolved completely by his angioplasty in 1991. No mention was made of the fact that Mr. Shriver's LAD artery remained occluded and that he experienced an abnormal treadmill test after the angioplasty. The ALJ did not consider Dr. Brewer's class 3 rating or his opinion that Mr. Shriver was unable to perform any work and should not be considered for vocational retraining. Instead, Dr. Brewer's assessment was rejected out of hand because he is "a cardiologist and not an orthopedist." Id. at 23. The testimony of Mr. Shriver and his wife was rejected partly because Mr. Shriver had previously applied for workers' compensation benefits and because his attorney asked leading questions. Id.
 
 
 13
 The ALJ's disregard of the uncontradicted medical evidence concerning Mr. Shriver's heart condition undermines the conclusion that Mr. Shriver is not disabled. In addition to the evidence that Mr. Shriver's LAD artery remains occluded and that his treadmill test was abnormal even after the angioplasty, the AHA class 3 rating was evidence of disability which should have been considered. See, e.g., Keegan v. Heckler, 744 F.2d 972, 977 (3d Cir.1984)(holding that because an AHA rating between class 2 and 3 meant claimant would experience symptoms at less than ordinary activity, the rating, together with evidence of heart disease, demonstrated that claimant's condition had not improved to the point where she was capable of gainful activity); Martin v. Harris, 517 F.Supp. 47, 50-51 (N.D.Ala.1981)(holding Secretary's decision denying benefits unsupported by substantial evidence when claimant received early disability retirement from Army because of heart condition which was rated class 3); see also Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir.1988)(remanding case to consider physician's opinion that claimant with class 3 heart disease had limitations preventing gainful employment because evidence was new, material, and could change disability determination).
 
 
 14
 In addition, Dr. Brewer's opinion was improperly rejected. A treating physician's opinion about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis, prognosis, and restrictions, will be given controlling weight if well-supported by clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. 404.1527(d)(2); Castellano, 26 F.3d at 1029. The Secretary must give specific, legitimate reasons for disregarding a treating physician's medical opinion. Williams v. Bowen, 844 F.2d 748, 758 (10th Cir.1988).
 
 
 15
 Dr. Brewer's rating of Mr. Shriver's cardiac functional capacity as class 3 should have been given controlling weight because it was supported by clinical diagnostic techniques and was not inconsistent with other evidence. His opinion regarding Mr. Shriver's inability to perform any kind of work was also entitled to substantial weight. Although the ALJ assumed that Dr. Brewer considered his patient's back condition in rendering this opinion, it appears from the insurance form that Dr. Brewer's opinion rested on Mr. Shriver's cardiac condition alone. In addition to the class 3 heart rating, Dr. Brewer did not list Mr. Shriver's back condition in the space requesting "any other disease or infirmity affecting present condition," R. II. at 318, and he later described Mr. Shriver's heart condition as "chronic angina [which] impairs his ability to [do] much of anything," id. at 321.
 
 
 16
 Even if Dr. Brewer's opinion rested on the combined effect of Mr. Shriver's heart and back conditions, there is no evidence in the record contradicting this opinion. Although the medical reports conflict as to the severity of Mr. Shriver's back impairment, all recognize its existence, and no other physician considered the combined effect of Mr. Shriver's back and heart conditions. In the absence of inconsistent evidence, Dr. Brewer's opinion was entitled to substantial weight. See Washington, 37 F.3d at 1440-41 (holding that ALJ erred in rejecting treating physicians' opinions when there was no conflicting evidence).
 
 
 17
 Finally, the ALJ's reasons for discrediting Mr. Shriver's pain testimony were improper. Congress drafted the social security statutes with the expectation that claimants would receive both workers' compensation and disability benefits for on-the-job injuries. See 42 U.S.C. 424a; Richardson v. Belcher, 404 U.S. 78, 82-83 (1971). Mr. Shriver's prior receipt of such benefits, therefore, has no bearing on his credibility. Cf. Eichel v. New York Cent. R.R., 375 U.S. 253, 255 (1963)(holding that "it would violate the spirit of the federal statutes if the receipt of disability benefits under the Railroad Retirement Act ... were considered as evidence of malingering by an employee asserting a claim under the Federal Employers' Liability Act").
 
 
 18
 Although a few of the questions asked by Mr. Shriver's attorney were leading, the ALJ's conclusion that he was attempting to prevent his client from testifying about his activities is not supported by the hearing transcript. In addition, because a disability hearing is a non-adversarial proceeding in which the ALJ has an affirmative duty to develop the record, Washington, 37 F.3d at 1442, the traditional reasons for distrusting testimony elicited by leading questions are absent.
 
 
 19
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and REMANDED for further proceedings.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470