**Marvin PRITCHARD, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**No. CIV.A. 04–G–0362–NE.**

United States District Court,
N.D. Alabama,
Northeastern Division.

Oct. 5, 2004.

J T Simonetti, Jr, Birmingham, AL, for Marvin L Pritchard, plaintiff.

Alice H Martin, U.S. Attorney, Winfield J Sinclair, U.S. Attorney's Office, Birmingham, AL, Reginald V Speegle, Social Security Administration–Office of General Counsel, Atlanta, GA, for Jo Anne B Barnhart, Commissioner of Social Security Administration, defendant.

## *MEMORANDUM OPINION*

GUIN, District Judge.

The plaintiff, Marvin Pritchard, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Marvin Pritchard filed an application for Social Security Benefits on March 6, 2001. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

■ The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, at 1239. The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by sub-

stantial evidence and that proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ's finding that he was engaging in substantial gainful activity as defined by the act during the relevant period should be reversed because it was a "mechanistic" application of the regulations. In support of this argument, the plaintiff cites *Martin v. Harris*, 517 F.Supp. 47(N.D.Ala.1981). *Martin* relied upon *Leftwich v. Gardner*, 377 F.2d 287 (4th Cir.1967), which held as follows:

> But Hearing Examiners may not quit thinking when a claimant's earnings reach a magic mark. The test is not whether Leftwich by willpower can stay on his feet yet another day—but whether objectively and in the totality of circumstances, including especially his afflictions, he is disabled within the meaning of the Social Security Act. Substantial medical evidence establishes that claimant was totally and permanently disabled. In spite of such disablement, he chose to work every day to support his family. The statute defines disability as an 'inability to engage in any substantial gainful activity.' In this case, the emphasis properly is on inability. We think the Congress did not intend to exclude from the benefits of the Act those disabled persons who because of character and a sense of responsibility for their dependents are most deserving.

*Id.* at 290–91 (footnote omitted). However, this holding from *Leftwich* was superseded by statute:

> *Leftwich v. Gardner*, 377 F.2d 287 (4 Cir.1967), was cited by the [district ] [c]ourt for authority that this evidence is not an obstacle in the path of a claimant. There, this court held that eligibility for benefits depends on inability to engage in substantial gainful activity. If medi-

cal evidence establishes that a claimant is totally and permanently disabled, we held him entitled to benefits despite the fact that he is gainfully employed. This interpretation was, however, expressly overruled by the 1967 amendments.

*Harris v. Richardson*, 450 F.2d 1099 (4th Cir.1971). Moreover, in *Powell o/b/o Powell v. Heckler*, 773 F.2d 1572, 1576 (11th Cir.1985), the Eleventh Circuit noted that "[e]mployment acts, in essence, to bar benefits to otherwise eligible claimants for the duration of employment." The court held that "as a matter of law, a person otherwise disabled under the terms of Title II who manages somehow to secure employment will pass into and out of eligibility for benefits when ceasing or embarking upon 'substantial gainful activity'—that is, employment with earnings in excess of the Secretary's guidelines." *Id.*

Therefore, plaintiff's argument for a non mechanical application of the substantial gainful activity test is not viable. The ALJ correctly applied the regulations and his decision that the plaintiff was engaged in substantial gainful activity was supported by substantial evidence. Therefore, the decision of the Commissioner must be affirmed. A separate order in conformity with this memorandum opinion will be entered.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration be and it hereby is AFFIRMED.